United States District Court
Southern District of Texas
**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LUIS IVAN CABRERA ARMENTERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-04961** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner Luis Ivan Cabrera Armentero's Petition for Habeas Corpus (ECF No. 1) and Respondents' Response and Motion for Summary Judgment (ECF No. 6). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Per Respondents, Petitioner is a citizen of Cuba who entered the United States without inspection on February 4, 2022. ECF No. 6 at 2. After initial entry, he was issued a Notice to Appear (NTA) charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on his own recognizance subject to certain conditions on February 6, 2022. *Id.*

While released, Petitioner complied with all conditions. ECF No. 1 at 5. Respondents make no allegation to the contrary. Nonetheless, Respondents re-detained Petitioner in September of

2025; he has now been in detention for over nine months. ECF No. 6 at 2. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner's removal proceedings remain ongoing.

## II. ANALYSIS

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III. RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his next friend of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 6, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on July 1, 2026.

Keith P. Ellison
United States District Judge